**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WESTINGHOUSE ELECTRIC COMPANY LLC, | |
|     1000 Westinghouse Drive | Case No. |
|     Cranberry Twp., PA 16066 | |
|                *Plaintiff*, | |
|                vs. | |
| KOREA ELECTRIC POWER CORP. | |
|     #55 Jeollyeok-ro | |
|     Naju-si, Jeollanam-do | |
|     Korea 58322 | |
| Serve: 400 Kelby Street | |
|         Suite 704 | |
|         Fort Lee, NJ 07024 | |
| AND | |
| KOREA HYDRO & NUCLEAR POWER CO. LTD., | |
|     1655 Bulguk-ro, | |
|     Munmudaewang-myeon, Gyeongju-si | |
|     Gyeongsangbuk-do | |
|     Korea 38120 | |
| Serve: 400 Kelby Street | |
|         Suite 704 | |
|         Fort Lee, NJ 07024 | |
|                *Defendants*. | |

## <u>COMPLAINT</u>

Plaintiff Westinghouse Electric Company LLC ("Plaintiff" or "Westinghouse"), by and

through its undersigned counsel, files this complaint seeking a declaratory judgment and injunctive

relief against Korea Electric Power Corporation ("KEPCO") and Korea Hydro & Nuclear Power Co. Ltd. ("KHNP") (collectively, "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1. By this action, Westinghouse seeks a declaration under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, to prevent the unauthorized transfer of nuclear technology to foreign countries in violation of Part 810 of Title 10, Code of Federal Regulations implementing provisions of the Atomic Energy Act ("Part 810").

2. Westinghouse has learned that KEPCO is about to enter into a Memorandum of Intent (the "MOI") with a consortium including the Polish government to deliver nuclear power plants in Poland using a pressurized water reactor design known as the Advance Power Reactor 1400 ("APR1400").

3. In addition to learning about the MOI in Poland, Westinghouse also has learned that Defendants were invited to bid on contracts to supply nuclear power plants in the Kingdom of Saudi Arabia ("KSA") and the Czech Republic and that Defendants intend to submit bids imminently in response to those invitations.

4. APR1400, like other pressurized water reactor designs developed by Defendants, including APR1000 and OPR1000 (collectively, APR1400, APR1000, OPR1000 and other variants shall be referred to as the "Korean Reactor Designs"), is derived from, based on, and incorporates technology licensed to Defendants by Westinghouse's predecessor-in-interest, Combustion Engineering, Inc. ("CE").

5. The technology that was licensed to Defendants by Westinghouse's predecessor-in-interest, CE, was and remains subject to Part 810.

6.     Westinghouse believes and asserts that Defendants' delivery of technical information regarding Korean Reactor Designs outside the Republic of Korea, including the delivery of APR1400 technical information to Poland under the MOI and the delivery of technical information required by the bid specifications issued by the KSA and Czech Republic, constitutes a retransfer of the technology licensed to Defendants by Westinghouse under Part 810 and therefore is likewise subject to Part 810.

7.     Defendants have previously admitted, and agreed in prior contracts with Westinghouse, that Defendants' delivery of technical information, including specifically APR1400 technical information, outside the Republic of Korea was subject to Part 810.

8.     As a result, Westinghouse previously sought and obtained a specific authorization from the United States Department of Energy ("DOE") to enable Defendants to retransfer technical information regarding Korean Reactor Designs, including specifically APR1400 technical information, to the United Arab Emirates ("UAE").

9.     Westinghouse and Defendants have engaged in prior discussions, including discussions in this District, with respect to Defendants' delivery of technical information regarding Korean Reactor Designs outside the Republic of Korea, including the delivery of APR1400 technical information to Poland under the MOI and the delivery of technical information required by the bid specifications issued by the KSA and Czech Republic.

10.     In such discussions, Westinghouse has advised Defendants of its belief that Defendants' delivery of technical information regarding Korean Reactor Designs outside the Republic of Korea, including the delivery of APR1400 technical information to Poland under the MOI and the delivery of technical information required by the bid specifications issued by the KSA and Czech Republic, is subject to the obligations of Part 810.

11.   In such discussions, Defendants have taken inconsistent positions as to whether Defendants' delivery of technical information regarding Korean Reactor Designs outside the Republic of Korea, including the delivery of APR1400 technical information to Poland under the MOI and the delivery of technical information required by the bid specifications issued by the KSA and Czech Republic, is subject to the obligations of Part 810.

12.   As the licensor of the controlled nuclear technology at issue, Westinghouse is legally responsible for compliance with Part 810 for its foreign licensees.

13.   Defendants' delivery of technical information regarding Korean Reactor Designs outside the Republic of Korea, including the delivery of APR1400 technical information to Poland under the MOI and the delivery of technical information required by the bid specifications issued by the KSA and Czech Republic, without satisfying the obligations of Part 810 would subject Westinghouse to penalties under Part 810.

14.   Defendants have refused to provide assurances that they will comply with Part 810 with respect to the delivery of technical information regarding Korean Reactor Designs outside the Republic of Korea, including the delivery of APR1400 technical information to Poland under the MOI and the delivery of technical information required by the bid specifications issued by the KSA and Czech Republic.

15.   Accordingly, a substantive controversy of sufficient immediacy and reality exists between the parties to require a declaration that Defendants' delivery of technical information regarding Korean Reactor Designs outside the Republic of Korea, including the delivery of APR1400 technical information to Poland under the MOI and the delivery of technical information required by the bid specifications issued by the KSA and Czech Republic, is subject to the obligations of Part 810.

## THE PARTIES

16.     Westinghouse is a Delaware limited liability company with its principal place of business located in Pennsylvania, at 1000 Westinghouse Drive, Cranberry Twp., Pennsylvania 16066.

17.     KEPCO is a company organized under the laws of Korea with offices located at #55 Jeollyeok-ro, Naju-si, Jeollanam-do, 58322, Korea.

18.     KHNP is a company organized under the laws of Korea with offices located at 1655, Bulguk-ro, Munmudaewang-myeon, Gyeongju-si, Gyeongsangbuk-do, Korea 38120. KHNP is KEPCO's wholly-owned subsidiary.

19.     KEPCO's North America office is located at 400 Kelby Street, Suite 704, Fort Lee, New Jersey 07024.

## JURISDICTION AND VENUE

20.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) insofar as it is a controversy between a citizen of the United States and citizens of a foreign nation and the value to Westinghouse for the declaration of rights it seeks exceeds $75,000.

21.     This Court has personal jurisdiction over Defendants as they have transacted business in this District and have engaged in meetings in this District that have given rise to the claim alleged herein.

22.     Venue for this matter lies in this District under 28 U.S.C. § 1391(b) and (c) as Defendants are not resident in the United States and are subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

**I.    The Transfer of Nuclear Technology Subject to Part 810**

23.    Westinghouse is engaged in the business of designing, developing, supplying and testing commercial nuclear power plant facilities both in the United States and abroad.

24.    As such, Westinghouse must comply with Part 810, which generally governs the transfer of technology for development, production, or use of nuclear reactors, equipment and materials.

25.    Specifically, Part 810 applies to the transfer of technology that involves, among other things, (i) nuclear reactor development, production or use of the components within or attached directly to the reactor vessel, the equipment that controls the level of power in the core, and the equipment or components that normally contain or come in direct contact with or control the primary coolant of the reactor core; and (ii) the transfer of technology for the development, production, or use of equipment or material especially designed or prepared for any of the above listed activities ("Controlled Technology").  *See* 10 C.F.R. § 810.2(b).

26.    The requirements of Part 810 apply not only to U.S. entities like Westinghouse, but also to the transfer of Controlled Technology either in the United States or abroad by licensees of U.S. entities.  *See* 10 C.F.R. § 810.2(a).

27.    The DOE reviews retransfers of Controlled Technology to a third party as if the U.S. exporter were transferring the technology directly to the final end user in the third country.

28.    In fact, the DOE has directed that it is the responsibility of the person subject to Part 810 to ensure that transfers and retransfers of Controlled Technology are under its control and take place in compliance with part 810.

29.     Westinghouse's obligations under Part 810 therefore extend to the retransfer of Controlled Technology by its licensees.

## II.     Korean Reactor Designs, including APR1400 and APR1000, Incorporate Westinghouse-Owned Technology

30.     Westinghouse's predecessor-in-interest, CE, developed the CE System 80 and System 80+ nuclear power plant designs, which were certified by the United States Nuclear Regulatory Commission ("NRC") in 1997.

31.     In 1997, CE entered into Licensing Agreement No. KEC-97-T1100 for PWR Technology with Defendants and related Korea entities (the "KLA License Agreement").

32.     Westinghouse acquired CE, including, without limitation, all rights to the CE System 80 and System 80+ nuclear power plant designs, in or around 2000.  As a result of that acquisition, Westinghouse assumed the role of licensor under the KLA License Agreement.

33.     Pursuant to the KLA License Agreement, Westinghouse licensed to Defendants certain intellectual property and other technical information relating to CE's pressurized water reactor technology and System 80+ nuclear power plant design including, among other things, (i) technical information relating to CE's System 80 NSSS Systems Design, NSSS Component Design and Manufacturing, and Fuel and Core Design; (ii) technical information relating to CE's System 80 NSSS Systems Design, NSSS Component Design and Manufacturing, and Fuel and Core Design; (iii) technical information relating to reload fuel and core design of the System 80 design; and (iv) System 80+ non-NSSS Fluid Systems Design, non-NSSS Mechanical Systems Design, Electrical Systems Design and Civil Design  (the "Licensed Technology").

34.     The Licensed Technology is Controlled Technology pursuant to Part 810.

35.     Westinghouse fully complied with Part 810 in transferring the Licensed Technology to Defendants under the KLA License Agreement.

36.     Westinghouse believes and asserts that Defendants used and incorporated the Licensed Technology in their development of the Korean Reactor Designs, including APR1400 and APR1000.

37.     Defendants used and incorporated the Licensed Technology in their development of the Korean Next Generation Reactor ("KNGR") program, which, upon information and belief, includes the APR1400 and APR1000.

38.     Among other things, the Reactor Coolant System, the auxiliary systems that connect to the reactor vessel, and the systems that control the reactor power, of the Korean Reactor Designs, including APR1400 and APR1000, are derivative of the Licensed Technology.

39.     The KNGR was licensed in the Republic of Korea as the APR1400 in 2002.

**III.  Defendants' Admissions that APR1400 Incorporates Westinghouse-Owned Licensed Technology**

40.     After the development of the APR1400, Westinghouse and Defendants entered into additional agreements by which the parties specifically acknowledged the application of Part 810 to APR1400 because it incorporates Westinghouse-owned Licensed Technology.

**A.  2010 Business Cooperation Agreement**

41.     On or about March 22, 2010, Westinghouse and Defendants, among other parties, entered into a ten-year Business Cooperation Agreement (the "2010 BCA") whereby the parties agreed to review and discuss potential joint market opportunities for new plant exports outside of Korea based on APR1400.

42.     Pursuant to the 2010 BCA, among other things, the parties agreed that (a) Westinghouse would submit an application for specific authorization under Part 810 to the DOE "to authorize transfer of the Westinghouse technology" to another country outside of the Republic of Korea, and (b) that Defendants would cooperate with Westinghouse by providing Westinghouse

all information requested by Westinghouse that would be necessary for Westinghouse to pursue

the application for specific authorization under Part 810.

43.    Significantly, Defendants agreed in the 2010 BCA both that APR1400 incorporates

Westinghouse-owned Licensed Technology and that compliance with Part 810 was required to

deliver APR1400 technical information outside of the Republic or Korea.

44.    Defendants further acknowledged in the 2010 BCA the parties' "long and

successful cooperation in the field of nuclear power and plant design and construction in Korea,

as evidenced by the successful completion and operation of fourteen existing nuclear power plants

"***based on Westinghouse (and formerly Combustion Engineering) technology and design***"

(emphasis added).

45.    The 2010 BCA also provided that the "[t]he Parties will negotiate and modify the

existing surviving rights  under the [KLA License Agreement] when required to allow for KEPCO

to export Korean OPR1000 and APR1400 nuclear plant designs to mutually agreed countries as

part of project specific agreements" — which would have been unnecessary unless APR1400

incorporated Westinghouse-owned Licensed Technology.

**B.    2012 Licensing Support and Consulting Services Agreement**

46.    On or about August 27, 2012, Westinghouse and Defendants entered into an

agreement for Westinghouse to provide Defendants with licensing support and consulting services

for an APR1400 Design Certification application to the NRC ("2012 Licensing Support

Agreement") in connection with a contract Defendants won to supply APR1400 reactors in the

United Arab Emirates ("UAE").

47.    Westinghouse received a specific authorization under Part 810 to permit

Defendants to retransfer Licensed Technology to the UAE in compliance with Part 810.  DOE

– 9 –

required Westinghouse to submit semi-annual written reports to DOE of any Licensed Technology that Defendants retransferred to the UAE.  Defendants provided quarterly reports to Westinghouse of Licensed Technology retransfers that were made from the Republic of Korea to the UAE to satisfy DOE's obligations.  In such quarterly reports, Defendants provided Westinghouse a list of at least twelve documents related to design specifications that Defendants themselves identified as derivative technology subject to Part 810.

48.     In the 2012 Licensing Support Agreement, Defendants again acknowledged that (a) APR1400 incorporated Westinghouse-owned Licensed Technology, and (b) compliance with Part 810 was required to deliver APR1400 technical information outside of the Republic of Korea, agreeing not to directly or indirectly transfer any Westinghouse information, which included Licensed Technology, to any country covered by Part 810 unless the DOE provided specific authorization.  Defendants further agreed that Westinghouse must be identified as the "Exporter," "Exporter of Record" or "U.S. Principal Party in Interest" on any export control document.

49.     In the 2012 Licensing Support Agreement, Defendants expressly admitted that "KHNP, along with other Korean entities, developed a pressurized water reactor design known as APR1400 nuclear power plant design and *such APR1400 design is derived from, based on, and incorporates CE Systems 80+ information licensed by [CE] to KHNP*" (emphasis added). Elsewhere in the 2012 Licensing Support Agreement, Defendants similarly admitted that "the APR1400 design is derived from, is based on, and incorporates LICENSED TECHNOLOGY licensed to KHNP, and the SIGNING MEMBERS under the 1997 KLA [License Agreement]" and "[t]he APR1400 plant contained LICENSED PRODUCTS as defined in the 1997 KLA [License Agreement]."

IV.     **Defendants' Threatened Delivery of Licensed Technology to Poland, KSA and Czech Republic**

50.     Westinghouse has learned that Defendants are about to enter into the MOI to deliver APR1400s to Poland.  Because APR1400 is derived from, based on and incorporates Licensed Technology, the delivery of APR1400 technical information under the MOI constitutes a retransfer of Licensed Technology and therefore remains Controlled Technology pursuant to Part 810.

51.     Poland is listed in Annex A to Part 810 as one of the countries that is generally authorized under 10 C.F.R. § 810.6.

52.     Although Poland does not require specific authorization under Part 810, Westinghouse — as the U.S. exporter and licensor of the Licensed Technology that would be retransferred to Poland as incorporated in APR1400 — still must comply with Part 810 reporting requirements with respect to the general authorization under 10 C.F.R. § 810.12.

53.     Specifically, if Defendants intend to retransfer APR1400 technical information to a third country included under a general authorization of Part 810, Westinghouse would be required to provide, within 30 calendar days after beginning the activity, a report to the DOE containing various details on the transactions, including certain written assurances.  *See* 10 C.F.R. § 810.12(e).

54.     If Defendants intend to retransfer Licensed Technology to a country that is not included under a general authorization of Part 810, such as the KSA, Defendants could only retransfer such technology to the extent that Westinghouse sought and obtained a specific authorization from DOE.  *See* 10 C.F.R. § 810.7(a).

55.     Consistent with DOE's treatment of the U.S. exporter as ultimately responsible for its contracted licensees, DOE has confirmed that Westinghouse would be in violation of Part 810

if Defendants' contemplated retransfer transactions under the MOI involving the APR1400 are covered by Part 810.

56.     The DOE has further informed Westinghouse that Defendants cannot comply with Part 810 without the support of Westinghouse because Westinghouse is the original exporter of Controlled Technology to Defendants subject to Part 810.

57.     In prior correspondence and meetings between representatives of Westinghouse and Defendants, including meetings in this District, Defendants have refused to provide assurances that they will comply with Part 810 with respect to the delivery of technical information regarding Korean Reactor Designs outside the Republic of Korea, including the delivery of APR1400 technical information to Poland under the MOI and the delivery of technical information required by the bid specifications issued by the KSA and Czech Republic.

58.     Defendants also have taken inconsistent positions whether the delivery of technical information regarding Korean Reactor Designs outside of the Republic of Korea, including the delivery of APR1400 technical information to Poland under the MOI and the delivery of technical information required by the bid specifications issued by the KSA and Czech Republic, triggers reporting obligations under Part 810.

59.     Defendants, however, have refused to explain how the delivery of APR1400 technical information to Poland under the MOI and the delivery of technical information required by the bid specifications issued by the KSA and Czech Republic are not subject to Part 810 in light of Defendants' prior admissions that "the APR1400 design is derived from, is based on, and incorporates LICENSED TECHNOLOGY licensed to KHNP" under the KLA Agreement.

## COUNT I
## Declaratory Judgment

60.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

61.     The Licensed Technology is subject to Part 810.

62.     Defendants' Korean Reactor Designs, including APR1400 and APR1000, are derived from, based on and incorporates Licensed Technology.

63.     Defendants' delivery of APR1400 technical information to Poland under the MOI constitutes the retransfer of Licensed Technology.

64.     Defendants' delivery of technical information required by the bid specifications issued by the KSA and Czech Republic constitutes the retransfer of Licensed Technology.

65.     By delivering Licensed Technology to Poland under the MOI and to the KSA and Czech Republic under the bid specifications, Defendants will retransfer Licensed Technology to Poland, the KSA, and the Czech Republic.

66.     Defendants' retransfer of Licensed Technology to Poland under the MOI and to the KSA and Czech Republic under the bid specifications triggers Westinghouse's Part 810 reporting obligations.  Defendants' retransfer to Licensed Technology to the KSA also first requires specific authorization from DOE.

67.     Among other things, Defendants have (i) refused to provide assurances that they will comply with Part 810 with respect to the delivery of technical information regarding Korean Reactor Designs outside the Republic of Korea, including the delivery of APR1400 technical information to Poland under the MOI and the delivery of technical information required by the bid specifications issued by the KSA and Czech Republic; (ii) taken inconsistent positions whether the delivery of technical information regarding Korean Reactor Designs outside the Republic of

Korea, including the delivery of APR1400 technical information to Poland under the MOI and the delivery of technical information required by the bid specifications issued by the KSA and Czech Republic, triggers obligations under Part 810; and (iii) refused to explain how the delivery of APR1400 technical information to Poland under the MOI or the delivery of technical information required by the bid specifications issued by the KSA and Czech Republic are not subject to Part 810 in light of Defendants' prior admissions that "the APR1400 design is derived from, is based on, and incorporates LICENSED TECHNOLOGY licensed to KHNP" under the KLA Agreement.

68.     As a result of the facts and circumstances described herein, there exists a substantial controversy of sufficient immediacy and reality between Westinghouse and Defendants as to whether Defendants' delivery of technical information regarding Korean Reactor Designs outside the Republic of Korea, including the delivery of APR1400 technical information to Poland under the MOI and the delivery of technical information required by the bid specifications issued by the KSA and Czech Republic, is subject to the obligations of Part 810.

69.     Accordingly, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., Westinghouse seeks a declaration that Defendants' delivery of technical information regarding Korean Reactor Designs outside the Republic of Korea, including the delivery of APR1400 technical information to Poland under the MOI and the delivery of technical information required by the bid specifications issued by the KSA and Czech Republic, is subject to the obligations of Part 810.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that this Court:

A.     Declare and order the Korean Reactor Designs, including APR1400 and APR1000, constitute Controlled Technology under Part 810.

B.      Declare and order that Defendants' delivery of technical information regarding Korean Reactor Designs outside the Republic of Korea, including the delivery of APR1400 technical information to Poland under the MOI and the delivery of technical information required by the bid specifications issued by the KSA and Czech Republic, is subject to the obligations of Part 810;

C.      Enjoin Defendants from delivering technical information regarding Korean Reactor Designs outside the Republic of Korea, including the delivery of APR1400 technical information to Poland under the MOI and the delivery of technical information required by the bid specifications issued by the KSA and Czech Republic;

D.      Award Plaintiff its costs and fees; and

E.      Award such other and further relief as the Court deems just and proper.

## **<u>Jury Demand</u>**

Plaintiff demands a trial by jury on all counts of its Complaint so triable.


Date      October 21, 2022                          Respectfully submitted,



                                                    */s/  D. McNair Nichols, Jr.*
                                                    David C. Rybicki
                                                    D. McNair Nichols, Jr.
                                                    K&L GATES LLP
                                                    1601 K Street, N.W.
                                                    Washington, D.C. 20006
                                                    (202) 778-9000
                                                    david.rybicki@klgates.com
                                                    mcnair.nicholsjr@klgates.com


                                                    Curtis B. Krasik*
                                                    Christopher M. Verdini*

K&L GATES LLP
210 Sixth Avenue
Pittsburgh, PA 15222
(412) 355-6500
curtis.krasik@klgates.com
christopher.verdini@klgates.com


*Attorneys for Plaintiff Westinghouse Electric Company LLC*

***Motions for admission pro hac vice forthcoming***